# United States Court of Appeals for the Federal Circuit

DOCKET #
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN
FEB - 8 2008
FILED
THERESA M. OWENS, CLERK
CASE #

2007-1026, -1033

WISCONSIN ALUMNI RESEARCH FOUNDATION,

Plaintiff-Cross Appellant,

v.

XENON PHARMACEUTICALS, INC.,

Defendant-Appellant.

## Judgment

ON APPEAL from the   United States District Court for the Western District of Wisconsin

in CASE NO(S).   05-CV-242.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

### TRANSFERRED

To the United States Court of Appeals for the Seventh Circuit.

ENTERED BY ORDER OF THE COURT

DATED  OCT 2 4 2007

Jan Horbaly, Clerk

**ISSUED AS A MANDATE:** FEB - 5 2008

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By:_____ Date: 2/5/08

Note: Pursuant to Fed. Cir. R. 47.8, this order is not citable as precedent. It is a public record.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-1026, -1033

2008 FEB -8 AM 11: 54

Wisconsin Alumni Research Foundation,

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

Plaintiff-Cross Appellant,

v.

XENON PHARMACEUTICALS, INC.,

Defendant-Appellant.

## ORDER

Pursuant to this court's opinion filed October 24, 2007

IT IS ORDERED THAT:

The appeal is hereby transferred to the U.S. Court of Appeals for the Seventh Circuit.

FOR THE COURT:

February 5, 2008

_____
Jan Horbaly
Clerk

c:  Anthony A. Tomaselli
    Russell L. Johnson
    Clerk's Office, U.S. District Court, WD/WI (05-CV-242)
    Clerk's Office, U.S. Court of Appeals, 7th Circuit (with certified copy of file)

ISSUED AS A MANDATE: _____February 5, 2008_____

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By:_____ Date: 2/5/08

DOCKET #
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN
FEB - 8 2008
FILED
THERESA M. OWENS, CLERK

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1026, -1033

WISCONSIN ALUMNI RESEARCH FOUNDATION,

Plaintiff-Cross Appellant,

v.

XENON PHARMACEUTICALS, INC.,

Defendant-Appellant.

---

DECIDED: October 24, 2007

---

Before MAYER and GAJARSA, Circuit Judges, and RESTANI, Judge.[*]

PER CURIAM.

This court has no jurisdiction over this case because it does not present a claim arising under the patent laws. See 28 U.S.C. § 1295(a); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988). Xenon Pharmaceutical, Inc. relies on the appearance of the Bayh-Dole Act, 35 U.S.C. §§ 200 et seq., in Wisconsin Alumni Research Foundation's (WARF) complaint to urge section 1295(a) jurisdiction. However, mere inclusion in Title 35 of the United States Code does not make a statute

---

[*]    Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

a patent law under which a claim may arise. At its heart, the Bayh-Dole Act concerns government funding agreements – contracts in the language of 35 U.S.C. § 201 – an area that is outside our section 1295(a) jurisdiction. See <u>Bonzel v. Pfizer, Inc.</u>, 439 F.3d 1358, 1362-63 (Fed. Cir. 2006) (noting that contract obligations do not "arise under" the patent laws merely because the contract is a patent license).

Even if the Bayh-Dole Act were a patent law as contemplated by section 1295(a), WARF's well-pleaded complaint neither proposes that the Act creates the cause of action, nor that their "right to relief necessarily depends on resolution of a substantial question of federal patent law". <u>Christianson v. Colt</u>, 486 U.S. at 808-09. It merely underpins an ownership theory alternative to Wisconsin contract law, which may not form the basis for section 1295(a) jurisdiction. See <u>id.</u> at 810.

Accordingly, the case will be <u>transferred</u> to the United States Court of Appeals for the Seventh Circuit pursuant to 28 U.S.C. § 1631. WARF shall have its costs.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: 2/5/08